# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DENNIS BEAUCHAINE, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:05CR895DAK |

Defendant Dennis Beauchaine has filed a motion for termination of his remaining supervised release. Defendant was sentenced to eighty-four months incarceration and a term of forty-eight months of supervised release. Defendant began serving his supervised release in July 2012, after spending six months in a half-way house. Defendant's term of supervised release is not set to terminate until July 2016.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any

policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's motion states that he has had no legal infractions, no positive drug tests, and maintained steady employment while on supervised release. The court contacted Defendant's Probation Officer who stated that Defendant has been responsible while on supervised release, diligent in giving his reports, and maintained a stable living arrangement. Defendant's probation officer has several positive comments on how consistent Defendant has been. However, the court has some concerns given that Defendant's sentence was quite long and he has a significant criminal history. While the court does not want to diminish the significance of Defendant's turnaround and his consistent and reliable conduct, the court believes that continued supervision will help ensure that Defendant continues along the right path consistently for at least half of his supervision period. The court applauds Defendant for his current conduct but concludes that Defendant's motion is premature at this time. The court, however, is willing to consider a similar motion in approximately six months. Defendant's motion to terminate supervised release is denied at the present time.

DATED this 23rd day of December, 2013.

_____
DALE A. KIMBALL
United States District Judge